Citation Nr: 1722225 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 13-07 312 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for right ankle traumatic arthritis, status post injury prior to January 27, 2015. 

2. Entitlement to a rating of 20 percent for right ankle traumatic arthritis, status post injury after January 27, 2015. 

3. Entitlement to a rating in excess of 10 percent for low back strain prior to January 27, 2015. 

4. Entitlement to a rating in excess of 20 percent for low back strain after January 17, 2015. 


REPRESENTATION

Appellant represented by: John S. Berry, Esq. 



ATTORNEY FOR THE BOARD

Stephen LoGerfo, Associate Counsel. 


INTRODUCTION

The Veteran served on active duty from April 1989 to July 1995. 

This matter came to the Board of Veterans' Appeals (Board) on appeal from a January 2010 decision of the Regional Office (RO) in Chicago, Illinois. The case was then transferred to the RO in Milwaukee, Wisconsin which granted a staged 20 percent evaluation for low back strain, effective January 27, 2015, but denied an increased rating for the right ankle disability. 

In June 2015, the Board issued a decision granting a rating of 20 percent after January 27, 2015 for the ankle disability but denying a rating higher than 10 percent prior to that date. The Board also denied increased ratings for either stages of the low back strain condition. 

The Veteran appealed to the United States Court of Appeals for Veterans Claims (Court). In June 2016, the Court remanded both claims back to the Board. The Court found the Board's reasons and bases to be inadequate. Specifically, the Board did not properly address the findings in the record regarding functional loss during flare-ups for both the right ankle and the lumbar spine. The Board did not adequately explain how functional loss during flare-ups was contemplated by the assigned ratings and/or why testing could not be conducted during a period of flare-up. Moreover, the Court found that the Board's reliance on lack of pain on weight bearing tests to be immaterial to functional loss considerations. 





FINDINGS OF FACT

1. Prior to January 27, 2015, the Veteran does not have ankylosis, but does have "mild" limited motion of his right ankle as evidenced by 0 to 45 degrees of plantar flexion and 0 to 20 degrees of dorsiflexion.

2. As of January 27, 2015, the Veteran does not have ankylosis, but does have "marked" limited motion of his right ankle as evidenced by 0 to 20 degrees of plantar flexion and 0 to 10 degrees of dorsiflexion.

3. Prior to January 27, 2015, the evidence shows that the Veteran's low back strain was manifested by limited forward flexion from 0 to 90 degrees and no ankylosis

4. As of January 27, 2015, the evidence shows that the Veteran's low back strain is manifested by limited forward flexion from 0 to 60 degrees and no ankylosis.


CONCLUSIONS OF LAW

1. Prior to January 27, 2015, the criteria for a rating in excess of 10 percent for a right ankle disability have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5271-5024 (2014).

2. As of January 27, 2015, the criteria for a rating of 20 percent, but no higher, for a right ankle disability have been met. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Codes 5271-5024.

3. Prior to January 27, 2015, the criteria for a rating in excess of 10 percent for a low back strain have not been met. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5237.

4. Since January 27, 2015, the criteria for a rating in excess of 20 percent for a low back strain have not been met. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5237.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Increased Rating

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C.A. § 1155 (West 2015); 38 C.F.R. § 4.1 (2016). Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3 (2016).

Where entitlement to compensation has already been established and increase in disability rating is at issue, present level of disability is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). "Staged" ratings, the assignment of different disability ratings at different times over the life of the claim, are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2008).

For musculoskeletal disorders, if functional loss is alleged due to pain, or if the service-connected disability involves a joint rated on limitation of motion, the Board must consider whether a higher rating is warranted based on functional loss due to pain, weakness, fatigability, lack of endurance, incoordination, or pain on movement of a joint under 38 C.F.R. § 4.40 and 4.45. See DeLuca v. Brown, 8 Vet. App. 202 (1995). This is the specific basis upon which the Court found June 2015 Board decision inadequate. The Board will re-consider the evidence while making sure to evaluate findings in the record regarding functional loss. 
A. Right Ankle

The Veteran seeks a higher disability rating for his right ankle traumatic arthritis, status post injury which was rated in the June 2015 Board decision as 10 percent before January 27, 2015 and 20 percent after. See 38 C.F.R. § 4.71a, DC 5271-5024. 

Hyphenated Diagnostic Codes are used when a rating under one Diagnostic Code requires use of an additional Diagnostic Code to identify the basis for the evaluation assigned. See 38 C.F.R. § 4.27. 

DC 5024 applies to tenosynovitis and provides that such is evaluated under the criteria for 38 C.F.R. § 4.71a, DC 5003, which provides that degenerative arthritis is to be rated on the basis of limitation of motion of the affected joint under the appropriate diagnostic code for the specific joint or joints involved. When the limitation of motion of the specific joint or joints involved is noncompensable under the appropriate diagnostic code, a rating of 10 percent is for application for each such major joint group or minor joint group affected by limitation of motion. In the absence of limitation of motion, a 20 percent evaluation is provided where there is X-ray evidence of involvement of two or more major joints, or two of more minor joint groups with occasional incapacitating exacerbations. A 10 percent evaluation is provided where there is X-ray evidence of involvement of two or more major joints, or two of more minor joint groups without exacerbations.

DC 5271 provides for a 10 percent rating for moderate limitation of motion. A 20 percent rating is warranted under DC 5271 for marked limitation of motion. Full ankle motion includes dorsiflexion from 0 to 20 degrees, and plantar flexion from 0 to 45 degrees. See 38 C.F.R. § 4.71, Plate II.

The terms "slight," "moderate," and "marked" are not defined in the Rating Schedule. Rather than applying a mechanical formula, the Board must evaluate all of the evidence to the end that its decisions are "equitable and just," and all evidence must be evaluated in deciding rating claims. 38 C.F.R. § 4.6.

After a full review of the record, and as discussed below, the Board concludes that a rating in excess of 10 percent prior to January 27, 2015 and 20 percent after January 17, 2015, is not warranted for the Veteran's service-connected right ankle disability.

On VA examination in October 2009, the Veteran endorsed right ankle pain ranging from 2 to 4 out of 10. He reported that his ankle is achy and stiff with occasional popping. The Veteran was found to occasionally use a brace to support his ankle. He said that walking was limited to approximately one mile due to increased pain. Standing tolerance was also limited. Treatment consisted of exercises for the right ankle, but no use of pain medication. Physical examination revealed no gait abnormality, and there was no swelling, erythema, or joint effusion. There was no evidence of ankylosis. Strength testing was 5/5 for his dorsiflexors and plantarflexors. Range of motion testing showed 0 to 20 degrees of dorsiflexion, and 0 to 45 degrees of plantarflexion, with no pain or change after repetitive motion throughout either test. Radiographic imaging showed no abnormalities.

The Veteran received a second VA examination in January 2015. Strength testing was 4/5 for his dorsiflexors and plantarflexors. Range of motion testing showed 0 to 10 degrees of dorsiflexion, and 0 to 20 degrees of plantarflexion. No ankylosis was noted by the examiner. There was objective evidence of crepitus in the right ankle. There were no other pertinent physical findings, complications, conditions, signs or symptoms related to the Veteran's right ankle disability.

In terms of functional loss, the Veteran endorsed functional impairment due to increased pain with prolonged standing and walking. The VA examiner noted that the abnormal motion itself contributed to functional loss in that it limited walking on uneven surfaces. The Veteran exhibited pain at both ranges of motion. There was no evidence of pain with weight bearing. There was objective evidence of localized tenderness or pain on palpation of the joint that was found to be mild in the lateral ankle. There was no additional functional loss after repetitive use testing. However, the examiner found that pain did significantly limit functional ability with repeated use over a period of time. But, there was no loss of motion with repetitive use testing at examination. The examination was not conducted during a flare-up and the Veteran did endorse flare-ups that were of varied frequency and duration that involved pain with weight bearing. The flare ups, however, were not observed. 

The Board has considered whether higher or separate ratings are warranted under the other Diagnostic Codes used to evaluate the Veteran's right ankle disability, but find that none apply. Therefore, higher or separate ratings under other Codes are not warranted. See 38 C.F.R. § 4.71a, DCs 5000-5023, 5025-5270, and 5272-5274. 

Because the Veteran does not have ankylosis, the Board finds that the most appropriate Diagnostic Code remains as DC 5271 for "marked" limited motion of his right ankle; this is also the highest rating available under DC 5271 for limited ankle motion. The Board also notes that no other rating criteria more closely approximate the symptoms found within the record. The Board finds that the Veteran's hyphenated Diagnostic Code rating under DC 5271-5024 is most appropriate based on his symptoms of record because it takes into account his limited ankle motion and chronic pain. Separate ratings for each disability would not be appropriate in this instance because it would constitute pyramiding, which is prohibited. 

The Board also considered the factors of functional loss and notes that the DC takes into account the Veteran's limited ankle motion and the pain he experiences. While there is functional loss noted with pain, it does not seem to be to a degree that would necessitate a higher rating than the diagnostic code provides for. 

Accordingly, the Board finds that the Veteran's right ankle disability has been no more than 10 percent disabling prior to January 27, 2015, and no more than 20 percent disabling thereafter. All evidence has been considered and there is no doubt to be resolved. See 38 U.S.C.A. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).

B. Low Back Disability 

The Veteran seeks a higher disability rating for his low back strain, which is currently rated as 10 percent, prior to January 27, 2015, and 20 percent thereafter. See 38 C.F.R. § 4.71a, DC 5237. 

Under the applicable criteria, a lumbosacral strain is rated under the general rating formula for rating diseases and injuries of the spine. 38 C.F.R. § 4.71a, DC 5237.

Under the general rating formula, with or without symptoms such as pain, stiffness or aching in the area of the spine affected by residuals of injury or disease, a 10 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 60 degrees, but not greater than 85 degrees; or, combined range of motion of the entire thoracolumbar spine greater than 120 degrees, but not greater than 235 degrees. Id.

A 20 percent rating is warranted for forward flexion of the thoracolumbar spine greater than 30 degrees, but not greater than 60 degrees; or, combined range of motion of the entire thoracolumbar spine not greater than 120 degrees.

A 40 percent rating is warranted if there is unfavorable ankylosis of the entire cervical spine; or, if forward flexion of the thoracolumbar spine is to 30 degrees or less; or, if there is favorable ankylosis of the entire thoracolumbar spine. Id.

A 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar spine and a 100 percent rating is warranted for ankylosis of the entire spine. Id.

After a full review of the record, and as discussed below, the Board concludes that rating in excess of 10 percent prior to January 27, 2015, and in excess of 20 percent thereafter are not warranted. 

On VA examination in October 2009, the Veteran endorsed low back pain with a baseline of 2 out of 10 that occasionally increased to 8 out of 10 at the end of the day. He reported his back symptoms as achy and stiff, but denied any lower extremity symptoms of radiation, numbness or tingling in his legs. The Veteran said that his back pain did not prevent him from performing activities of daily living despite some aches. The examiner noted that there were "no incapacitating episodes or prescribed episodes of bedrest over the last year." The Veteran stated that he did not use pain medication. Physical examination of the thoracolumbar spine revealed no evidence of muscle spasm, ankylosis, swelling or erythema. There was minimal tenderness to palpation of the right lumbar paraspinal musculature. Range of motion testing showed forward flexion from 0 to 90 degrees with minimal discomfort at 90 degrees; extension was from 0 to 30 degrees with no pain throughout; bilateral lateral rotations and bilateral lateral flexion were all from 0 to 30 degrees with no pain throughout. There was no evidence of scoliosis. Radiographic imaging of the lumbar spine revealed minimal decreased disk height at L5-S1; otherwise, there were no significant fractures, dislocations, or other abnormalities noted by the examiner.

The Veteran received a second VA examination in January 2015. He endorsed increased back pain over the past few years with varying intensity on his lower right side, but no symptoms of radiation. The examiner noted that VA medical records from 2013 showed treatment right thigh paresthesias and a diagnosis of meralgia paresthetica. The Veteran was also treated in January 2015 for right thigh pain and received the same diagnosis. He reported flare-ups occurred every month and would last for a few days each time. The Veteran also said he used a back brace and over-the-counter medication during flare-ups. The examiner noted functional impairment of the low back included limitations of lifting only light weight items. Range of motion testing showed forward flexion from 0 to 60 degrees; extension was from 0 to 5 degrees; bilateral lateral rotations were from 0 to 30 degrees; right lateral flexion was from 0 to 25 degrees, and; left lateral flexion was from 0 to 20 degrees. Forward flexion was the only range of motion test that did not result in pain. There was no additional loss of function or range of motion after three repetitions. The examiner noted that there was mild right paraspinal tenderness or pain of joints and/or soft tissue of the thoracolumbar spine. There was no guarding or muscle spasms noted by the examiner. There were no symptoms of radicular pain or any other signs or symptoms due to radiculopathy. There was no ankylosis of the spine. The Veteran did not have Intervertebral Disc Syndrome. There were no other pertinent physical findings, complications, conditions, signs, symptoms or scars noted by the examiner. Radiographic imaging studies from 2009 and 2013 revealed mild degenerative disc disease of the thoracolumbar spine. The examiner noted that the Veteran's low back strain impacts his ability to work due to limitations on repetitive lifting items more than a light weight. The examiner opined that the Veteran's degenerative disc disease was more likely related to the aging process than his service-connected low back strain. The Veteran's right lower extremity weakness was less likely than not related to his service-connected low back strain and was not caused by or permanently aggravated by his lumbar strain.

In terms of flare-ups, the Veteran reported flare-ups on a monthly frequency that lasted for days afterwards and of a severity that resulted in limited lifting of objects. Pain also significantly limited functional ability with flare-ups. During a flare-up, the Veteran utilized a back brace and over the counter medication. He also reported functional loss in terms of his lifting items that are more than a light weight. There was no pain with weight-bearing or any additional loss or function or range of motion after three repetitions. In terms of repetitive use over time, the examiner found that pain would cause some functional loss. 

Prior to January 27, 2015, there is no basis for an increased rating in excess of 10 percent for the Veteran's service-connected low back strain because the evidence of record does not demonstrate forward flexion of the thoracolumbar spine greater than 30 degrees, but not greater than 60 degrees. To the extent the Veteran contends that his service-connected low back disability has been more disabling than the currently assigned rating reflects, the Board notes that he is competent to endorse symptoms such as lower back pain. Nonetheless, application of the rating criteria to the objective evidence of spinal symptoms documented in the record reveals that a higher rating is not warranted until the VA examination on January 27, 2015, which resulted in a 20 percent rating due to forward flexion of the thoracolumbar spine being greater than 30 degrees, but not greater than 60 degrees.

The Board also considered, pursuant to the Court's instructions, the degree of functional loss during flare-ups. The Board is sympathetic to the occurrence of monthly flare-ups that may last for a few days but notes that they are not of a severity that they need to be treated with anything greater than over the counter medication. Moreover, the Veteran stated that during flare-ups his main limitation is the ability to lift objects. These flare-ups are not of such a debilitating nature that cause a functional loss that would necessitate a rating higher than that schedule provides for based on the Veteran's current range of motion. 

The Board has also considered whether a higher or separate rating may be warranted under an alternative Diagnostic Code, and finds that because the Veteran has been diagnosed with low back strain, DC 5237 remains the most appropriate Code under which to rate the service-connected low back strain. See Butts v. Brown, 5 Vet. App. 532 (1993). The Board has considered the applicability of rating the disability under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, however, on VA examination in January 2015, the physician specifically ruled out Intervertebral Disc Syndrome. Even if the Veteran has Intervertebral Disc Syndrome, bed rest as prescribed by a physician is not documented in the record. Furthermore, the Board has considered whether a rating is warranted on the basis of functional loss due to pain or due to other factors including weakness, fatigability, incoordination, or pain on movement of a joint. 38 C.F.R. §§ 4.40, 4.45; DeLuca, 8 Vet. App. at 207-08. Prior to January 27, 2015, the Veteran was already receiving the minimum compensable rating for his low back disability due to painful motion because his limitation of motion prior to January 27, 2015, was noncompensable under the applicable Diagnostic Code. See 38 C.F.R. § 4.59; Mitchell, 25 Vet. App. at 32. 

Based on the foregoing, the Board concludes that the Veteran's low back strain has been no more than 10 percent disabling prior to January 27, 2015, and no more than 20 percent disabling thereafter. All evidence has been considered and there is no doubt to be resolved. See 38 U.S.C.A. § 5107 (b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).


ORDER

Entitlement to a rating in excess of 10 percent for right ankle traumatic arthritis, status post injury prior to January 27, 2015 is denied. 

Entitlement to a rating of 20 percent for right ankle traumatic arthritis, status post injury after January 27, 2015 is denied. 

Entitlement to a rating in excess of 10 percent for low back strain prior to January 27, 2015 is denied. 

Entitlement to a rating in excess of 20 percent for low back strain after January 17, 2015 is denied. 



______________________________________________
M. Tenner 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs