﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190515-8973
DATE: November 27, 2019

ORDER

A compensable rating for bilateral hearing loss since January 14, 2018 is denied.

FINDING OF FACT

Since January 14, 2018, the Veteran’s bilateral hearing loss manifested with 53 average pure tone decibel hearing loss and 84 percent speech discrimination for the right ear; and 55 average pure tone decibel hearing loss and 92 percent speech discrimination for the left ear.

CONCLUSION OF LAW

The criteria for a compensable rating for bilateral hearing loss since January 14, 2018 have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.321, 4.85, 4.86, 4.87a, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has active service from June 1969 to September 1972.

Entitlement to a compensable disability evaluation for bilateral hearing loss since January 14, 2018

Disability ratings are determined by applying criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations should be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7.

In disability rating cases, VA assesses the level of disability from the initial grant of service connection or a year prior to the date of application for an increased rating and determines whether the level of disability warrants the assignment of different disability ratings at different times over the course of the claim, a practice known as “staged ratings.” See Fenderson v. West, 12 Vet. App. 119, 126 (1999); see also Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007).

The Rating Schedule provides rating tables for the evaluation of hearing impairment. Table VI assigns a Roman numeral designation (I through XI) for hearing impairment based on the pure tone threshold average and controlled speech discrimination (Maryland CNC) testing. Table VIa assigns a Roman numeral designation for hearing impairment based only on the pure tone threshold average and is used when speech discrimination testing is not appropriate or when indicated under the provisions of 38 C.F.R. § 4.86, which relate to exceptional patterns of hearing impairment. The “pure tone threshold average” is the sum of the pure tone thresholds at 1000, 2000, 3000, and 4000 Hertz, divided by four. 38 C.F.R. § 4.85 (d). Table VII is used to determine the rating assigned by combining the Roman numeral designations for hearing impairment of each ear. 38 C.F.R. § 4.85 (e). If impaired hearing is service-connected in only one ear, in order to determine the percentage evaluation from Table VII, the non-service-connected ear will be assigned a Roman Numeral designation for hearing impairment of I, subject to the provisions of §3.383 of this chapter. 38 C.F.R. § 4.85 (f).

Exceptional patterns of hearing impairment are provided for in 38 C.F.R. § 4.86. When the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear is evaluated separately. 38 C.F.R. § 4.86 (a). 

Ratings for hearing impairment are derived by the mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). However, in addition to providing objective test results, a VA audiological examination report must address the functional effects caused by a hearing disability because an extraschedular rating under 38 C.F.R. § 3.321 (b) “does not rely exclusively on objective test results to determine whether a referral for an extraschedular rating is warranted.” Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007). VA’s policy requiring VA audiologists to describe the effect of a hearing disability on occupational functioning and daily activities facilitates extraschedular determinations. Id. 

The Veteran’s bilateral hearing loss was evaluated as noncompensable in a March 2017 rating decision. He did not file a Notice of Disagreement and accordingly the March 2017 rating decision became final. VA received his claim for an increased evaluation for hearing loss on January 14, 2019. Thus, the appellate period spans from one year prior to January 14, 2019, onward. See Fenderson v. West, 12 Vet. App. at 126.

The Veteran underwent two audiological evaluations during the appellate period. As noted below, the January 2019 private audiological evaluation was not valid for rating purposes and will not be used to determine the severity of the Veteran’s hearing loss during the appellate period.

At the January 2019 private audiological evaluation, pure tone thresholds, in decibels, were as follows, or not measured:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 35 30 60 - 75

LEFT 40 50 60 - 65

While the audiogram was represented in graphical form, the Board, as the finder of fact, may interpret a graphical audiogram. See Kelly v. Brown, 7 Vet. App. 471 (1995). Speech audiometry testing was performed but the examiner did not indicate whether the Maryland CNC speech discrimination test was used. Further, the Veteran’s pure tone thresholds at the 3000 Hz range were not measured and thus his pure tone threshold averages cannot be calculated in accordance with 38 C.F.R. § 4.85 (d). For these reasons, the January 2019 private audiological examination is not valid for rating purposes.

At the January 2019 VA audiological evaluation, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 20 25 55 65 65

LEFT 20 35 60 60 65

Speech audiometry revealed speech recognition ability of 84 percent in the right ear and of 92 in the left ear using the Maryland CNC speech discrimination test. The average pure tone thresholds of 1000, 2000, 3000, and 4000 Hz, rounded to the nearest whole number, were 53 for the right ear and 55 for the left ear. He was assessed with bilateral sensorineural hearing loss in the frequency range of 500 to 4000 Hz. The examiner noted the functional effects of the Veteran’s hearing loss included difficulty holding conversation with his wife, but no other functional effects were reported or recorded. 

Given these results, the evidence does not support a finding of “exceptional” hearing loss. Specifically, the defined regulatory “exceptional” patterns (pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more, or when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz) were not present. See 38 C.F.R. § 4.86.

(Continued on the next page)

 

As “exceptional” hearing loss does not exist, it is necessary to apply the criteria found in 38 C.F.R. § 4.87 at Table VI to the Veteran’s audiological examinations of record. With regards to the January 2019 VA examination, the results yield a numerical designation of II for the right ear (between 50 and 57 average pure tone decibel hearing loss, with between 84 and 90 percent speech discrimination), and a numerical designation of I for the left ear (between 50 and 57 average pure tone decibel hearing loss, with between 92 and 100 percent speech discrimination). Entering the category designations for each ear into Table VII results in a noncompensable disability evaluation. 

The preponderance of the evidence is against finding a compensable rating for the Veteran’s bilateral hearing loss. While the Board has considered the effects of the Veteran’s hearing loss on his daily functioning, the law requires that disability ratings be derived by mechanical application of the rating schedule. Lendenmann, 3 Vet. App. at 349. The mechanical application of the Rating Schedule to the audiometric findings establish a noncompensable rating for the period on appeal. The claim must be denied.

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Hiaasen

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.