﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190416-11219
DATE: March 31, 2020

ORDER

A 70 percent rating is granted for unspecified depressive disorder with anxious distress (psychiatric disability) throughout the period on appeal, subject to the law and regulations governing the award of monetary benefits.

A total disability rating based on individual unemployability due to service-connected disability (TDIU) is granted, subject to the law and regulations governing the award of monetary benefits.

FINDINGS OF FACT

1. The Veteran’s psychiatric disability has been manifested by suicidal ideation; near-continuous depression; near-continuous anxiety; feelings of hopelessness; impaired impulse control; angry outbursts; cannabis use disorder; sleep disturbances; impaired attention and concentration; difficulty adapting to stressful circumstances; and difficulty maintaining social relationships. The evidence as to whether his disability has caused occupational and social impairment with deficiencies in most areas is, at least, in equipoise.

2. During the period on appeal, the Veteran’s disability has not been manifested by total occupational and social impairment; he is not shown to have experienced persistent delusions or hallucinations; he has not demonstrated persistent danger of self-harm or danger to others; there is no indication that he has been disoriented to time or place; he has not had significant memory loss with regard to basic facts (such as his own name and occupation) or other symptoms functionally equivalent thereto. 

3. The evidence as to whether the Veteran is unable to secure or follow a substantially gainful occupation as a result of his service-connected psychiatric disability is, at least, in equipoise.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt in the Veteran’s favor, the criteria for a 70 percent rating for the Veteran’s psychiatric disability have been met throughout the period on appeal. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code 9435.

2. The criteria for a rating in excess of 70 percent for the Veteran’s psychiatric disability have not been met for any portion of the period on appeal. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.7, 4.130, Diagnostic Code 9435.

3. Resolving reasonable doubt in the Veteran’s favor, the criteria for an award of a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from October 2005 to August 2010, and from March 2011 to February 2012. He also had service in reserve components of the military, to include a period of active duty for training from June 1995 to November 1995. His decorations include the Iraq Campaign Medal with two campaign stars, the Army Achievement Medal, the Army Good Conduct Medal, the National Defense Service Medal with Bronze Service Star, the Global War on Terrorism Service Medal, the Humanitarian Service Medal, and the Overseas Service Ribbon.

The original rating decision underlying the present appeal was issued in August 2016 by a Department of Veterans Affairs (VA) Regional Office (RO). In May 2018, the Veteran elected review in the modernized review system. 38 C.F.R. § 19.2(d). 

The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Following a denial on Higher-Level review in July 2018, he timely appealed to the Board in April 2019, selecting the evidence submission docket, which allowed him 90 days following receipt of his notice of disagreement (NOD) to submit additional evidence. 38 C.F.R. § 20.202(b)(3). 

1. Rating increase for unspecified depressive disorder with anxious distress (psychiatric disability)

The Veteran contends, in essence, that the current rating for his psychiatric disability does not adequately reflect the occupational and functional impairments caused thereby. 

Disability evaluations are determined by the application of a schedule of ratings, which is, in turn, based on the average impairment of earning capacity caused by a given disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the evaluations to be assigned to various disabilities.

If there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. If different disability ratings are warranted for different periods of time over the life of a claim, “staged” ratings may be assigned. Hart v. Mansfield, 21 Vet. App. 505 (2007); Fenderson v. West, 12 Vet. App. 119, 125-26 (1999).

The Veteran’s psychiatric disability is evaluated in accordance with the criteria set forth in 38 C.F.R. § 4.130, Diagnostic Code 9435. A 50 percent rating is warranted if the disorder is manifested by occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks (more than once a week); difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.

A 70 percent rating is warranted if the disorder is manifested by occupational and social impairment with deficiencies in most areas, such as: work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech that is intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and an inability to establish and maintain effective relationships.

A 100 percent rating is warranted if the disorder is manifested by total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name.

Following a review of the relevant evidence in this case, the applicable laws and regulations, it is the Board’s conclusion that the evidence supports a 70 percent rating for the Veteran’s psychiatric disability throughout the period on appeal. Specifically, a 70 percent evaluation is warranted based on the Veteran’s suicidal ideation, which he demonstrated during a July 2015 VA examination. See 38 C.F.R. § 3.400(o)(2). 

In April 2016, the Veteran submitted an application for an increased rating for his service-connected psychiatric disability. Medical records from the year prior indicate a continuous pattern of suicidal ideation. For instance, in July 2015, the Veteran underwent a VA examination for PTSD. The examiner, Dr. C.L.J., confirmed diagnoses of unspecified depressive disorder (with anxious distress) and obstructive sleep apnea. Symptoms included depressed mood, anxiety, irritability, chronic sleep impairment, and suicidal ideation. The veteran was also determined to have difficulty establishing and maintaining work and social relationships. 

Treatment records from July 2015 also indicate a history of suicidal ideation in 2004 and during service in Iraq. During a PTSD examination, the Veteran endorsed a recent history of suicidal ideation, claiming to experience suicidal thoughts just two or three days prior. See July 2015 VA PTSD examination. During a May 2016 psychology examination, a history of suicidal ideation was also included among the Veteran’s clinical findings. 

The Court of Appeals for Veterans Claims has held that the language of 38 C.F.R. § 4.130 indicates that “the presence of suicidal ideation alone, that is, a Veteran’s thoughts of his or her own death or thoughts of engaging in suicide-related behavior, may cause occupational and social impairment with deficiencies in most areas.” Bankhead v. Shulkin, 29 Vet. App. 10, 20 (2017). 

Based on the foregoing, the Board finds that a 70 percent evaluation is warranted for the Veteran’s psychiatric disability. A review of his treatment records does not reflect consistent abatement of his suicidal symptoms.

With that said, the preponderance of the evidence is against the assignment of a schedular rating in excess of 70 percent for any portion of the appeal period. The evidence does not reflect a history of delusions and hallucinations. The Veteran has not been noted to have disorientation to time or place. He has had periods of suicidal ideation and intent; however, the overall record does not indicate that he poses a persistent danger to himself or others. He has not been shown to suffer from an inability to remember his own name, occupation, or the names of close family members. 

The Veteran maintains regular contact with his ex-wife and daughter. See, e.g., August 2016 mental health consult. He has had marital challenges, but it cannot be said that he has suffered total social impairment. There is no indication that he is unable to maintain minimal personal hygiene, and he has not demonstrated grossly inappropriate behavior. 

Pursuant to Fenderson v. West, 12 Vet. App. 119, 126 (1999), the Board has considered the applicability of staged ratings. However, in this case, the evidence does not support the assignment of a 100 percent schedular rating for any portion of the period on appeal.

2. Entitlement to TDIU

The Veteran maintains, in essence, that he is unable to secure or follow a substantially gainful occupation as a result of his service-connected psychiatric disability, obstructive sleep apnea, and back strain. His attorney contends that he has been unable to work since March 2016, at which point he was unable to perform the required tasks of his occupation as a custodian. 

A TDIU is warranted where the evidence of record shows that a Veteran is unable to secure or follow a substantially gainful occupation, consistent with her education and occupational experience, as a result of service-connected disability, without regard to advancing age. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). If there is only one such disability, it must be rated at 60 percent or more. If there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

For the purpose of determining one 60-percent disability, or one 40-percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable; (2) disabilities resulting from common etiology or a single accident; (3) disabilities affecting a single body system (e.g., orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric); (4) multiple injuries incurred in action; or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a).

In the present case, the Board finds that the Veteran meets the threshold requirements for a schedular award of a TDIU. The Veteran is currently in receipt of the following during the period on appeal: a 70 percent rating for psychiatric disability (awarded above); a 50 percent rating for obstructive sleep apnea; a 10 percent rating for thoracic and lumbar strain; a 10 percent rating for tinnitus; and a zero percent (noncompensable) rating for a right inguinal hernia.

The Board finds, further, that the evidence supports an award of a TDIU. The Veteran has a high school education and attended one year of college; he has no additional educational or vocational training; he has worked almost exclusively in janitorial services or automotive maintenance; and he has not had any substantive work experience since approximately 2016. See, e.g., July 2019 vocational assessment. 

The Veteran has a history of suicidal ideation. See, e.g., July 2015 VA PTSD examination. Additionally, a May 2016 VA psychologist conducting an examination noted that symptomatology associated with the Veteran’s psychiatric disability included the following: depressed mood, anxiety; irritability; chronic sleep impairment; impaired impulse control; difficulty with attention and concentration; difficulty establishing and maintaining effective work and social relationships. 

In November 2016, the Veteran reported losing a part-time childcare job, in which he worked for his brother. He was fired, in part, because of a substance use disorder.

In May 2019, the Veteran submitted a private opinion from P.C., a certified vocational evaluator, in support of his claim for TDIU. In the opinion of P.C., the symptoms associated with the Veteran’s psychiatric disability, obstructive sleep apnea, and back strain disability result in the complete inability to perform unskilled substantially gainful competitive employment. Coming to this conclusion, P.C. inventoried the Veteran’s psychiatric symptomatology, which includes unprovoked irritability with history of violence, depressed mood, anxiety, difficulty establishing and maintaining effective work and social relationships, impaired impulse control, and chronic sleep impairment. P.C. explained that the Veteran’s chronic sleep interruption resulted in chronic daytime fatigue and difficulty with concentration and completion of tasks. His chronic back pain produced negative vocational impacts, such as frequent unscheduled breaks or absences; unacceptable levels of prolonged absenteeism; disturbances in concentration and completion of tasks; and the inability to repeatedly lift, bend, carry, squat, push, or pull. Additionally, P.C. noted that the Veteran’s work history as a custodian/janitor is considered semi-skilled and does not provide a skill base that directly transfers to lighter alternative occupations. 

The notes from two June 2016 mental health evaluations align with the assessment by P.C. During his meetings with two VA nurses, the Veteran reported frequent physical reactions to reminders of past experiences; he demonstrated avoidance and feelings of isolation; he endorsed regular feelings of irritability, anger, and hypervigilance; he frequently felt jumpy or easily startled. Finally, the Veteran reported that his psychiatric disability symptoms made it very difficult to do work, take care of things at home, or get along with other people. 

The final determination with respect to a Veteran’s entitlement to a TDIU is an adjudicatory, and not a medical, function. The findings reflected throughout the Veteran’s psychological and vocational reports are highly probative. Under the circumstances, in light of the totality of the record, and giving due consideration to the Veteran’s description of the functional effects of his service-connected psychiatric disability, together with service-connected impairments related to sleep apnea, thoracic and lumbar back strain, tinnitus, and right inguinal hernial, as they relate to his level of education and prior occupational experience, the Board is persuaded that the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability. The evidence, at a minimum, gives rise to a reasonable doubt on the matter. 38 U.S.C. § 5107(b); 38 C.F.R. § 4.3. A TDIU is therefore granted.

In arriving at this conclusion, the Board intimates no opinion, either legal or factual, as to the appropriate effective date of the TDIU award. That matter will  

be addressed by the agency of original jurisdiction when the award is effectuated. 

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board F. Lanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.