﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200226-66862
DATE: December 31, 2020

ORDER

An initial rating in excess of 20 percent for diabetes mellitus, type II, is denied.

FINDING OF FACT

For the entire appeal period, the Veteran’s diabetes mellitus, type II, was controlled by the use of oral medication, without insulin injections, a restricted diet, or regulation of activities, and does not result in complications.

CONCLUSION OF LAW

The criteria for an initial rating in excess of 20 percent for diabetes mellitus, type II, are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7913.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from July 1964 to May 1968. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in November 2019 by a Department of Veterans Affairs (VA) Regional Office (RO). In February 2020, the Veteran submitted a Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182) under the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, also known as the Appeals Modernization Act (AMA). In such election, he requested Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Therefore, the Board’s review is limited to the evidence of record at the time of the issuance of the rating decision on November 29, 2019. 

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. Examination reports are to be interpreted in light of the whole recorded history, and each disability must be considered from the point of view of the veteran working or seeking work. 38 C.F.R. § 4.2. All reasonable doubt will be resolved in the claimant’s favor. 38 C.F.R. § 4.3. Where there is a question as to which of two disability evaluations shall be applied, the higher evaluation is to be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

Separate ratings can be assigned for separate periods of time based on the facts found - a practice known as “staged” ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). Staged ratings are appropriate whenever the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Id. 

For the entire appeal period, the Veteran’s diabetes mellitus, type II, has been rated as 20 percent disabling. He contends that such rating does not accurately reflect his level of symptomatology and, thus, a higher rating is warranted. 

The Veteran has been assigned a 20 percent rating for his diabetes mellitus, type II, pursuant to 38 C.F.R. § 4.119, DC 7913. Such rating criteria provides that a 20 percent rating is warranted for diabetes mellitus requiring insulin and restricted diet, or oral hypoglycemic agent and restricted diet. A 40 percent rating is warranted for diabetes mellitus requiring insulin, restricted diet, and regulation of activities (defined within the diagnostic code as avoidance of strenuous occupational and recreational activities). A 60 percent rating is warranted for diabetes mellitus requiring insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring one or two hospitalizations per year or twice a month visits to a diabetic care provider, plus complications that would not be compensable if separately evaluated. A 100 percent rating is warranted for diabetes mellitus requiring more than one daily injection of insulin, restricted diet, and regulation of activities with episodes of ketoacidosis or hypoglycemic reactions requiring at least three hospitalizations per year or weekly visits to a diabetic care provider, plus either progressive loss of weight and strength or complications that would be compensable if separately evaluated. See Melson v. Derwinski, 1 Vet. App. 334 (1991) (use of the conjunctive “and” in a statutory provision meant that all of the conditions listed in the provision must be met).

Note (1) provides that complications of diabetes mellitus are evaluated separately unless they are part of the criteria used to support a 100 percent rating. Noncompensable complications are deemed part of the diabetic process under DC 7913. 

Medical evidence is required to show that occupational and recreational activities have been restricted. Camacho v. Nicholson, 21 Vet. App. 360, 363-364 (2007). Additionally, because of the successive nature of the rating criteria for diabetes, e.g., the evaluation for each higher disability rating includes the criteria of each lower disability rating, each criterion listed in a rating must be met or more closely approximated in order to warrant such a rating. Tatum v. Shinseki, 23 Vet. App. 152, 156 (2009). Stated another way, if a component is not met at any one level, a veteran can only be rated at the level that did not require the missing component.

After a review of the record, the Board finds that a rating in excess of 20 percent for the Veteran’s service-connected diabetes mellitus, type II, is not warranted. Specifically, in November 2019, a VA examiner completed a disability benefits questionnaire (DBQ) based on a review of the Veteran’s claims file. At such time, she noted that the Veteran’s diabetes mellitus, type II, was treated by oral medication, but did not require the use of insulin, a restricted diet, or regulation of activities. Additionally, the examiner indicated that the Veteran visited his diabetic care provider less than two times per month for episodes of ketoacidosis or hypoglycemic reactions. Here, she noted that such episodes did not require any hospitalizations in the previous year. The examiner further indicated that the Veteran did not have progressive unintentional weight loss or loss of strength attributable to his diabetes mellitus, type II. Moreover, the examiner reported that the Veteran did not have any of complications of diabetes mellitus, to specifically include erectile dysfunction, diabetic peripheral neuropathy, diabetic nephropathy or renal dysfunction caused by diabetes mellitus, or diabetic retinopathy. 

Similarly, private and VA treatment records throughout the appeal period fail to show that the Veteran’s diabetes mellitus, type II, required the use of insulin, a restricted diet, or restriction of activities; rather, such indicate that he was currently taking Metformin daily, and his diabetes mellitus, type II was well-controlled, without complication or long-term current use of insulin. Additionally, private treatment records reflect a notation of erectile dysfunction in his problem lists; however, as noted previously, the November 2019 VA examiner specifically determined that the Veteran did not have erectile dysfunction that was at least as likely as not due to diabetes mellitus. Furthermore, VA and private treatment records indicate that the Veteran did not have neuropathy, nephropathy, or retinopathy attributable to his diabetes mellitus, type II. Here, throughout the appeal period, he underwent examinations of his eyes in October 2016 and March 2019 that showed no retinopathy. Moreover, while his private treatment records reflect that an August 2016 diabetic foot examination demonstrates that the Veteran had diminished vibratory sensation in both feet, an assessment of neuropathy was not noted. Here, such examination demonstrates that the Veteran’s proprioception, light touch sensory, and monofilament test were normal bilaterally. Further, an August 2017 diabetic foot examination similarly did not result in an assessment of neuropathy; and the November 2019 VA examiner explicitly determined that the Veteran did not have diabetic neuropathy. 

Based on the foregoing, the Board finds that a rating in excess of 20 percent for the Veteran’s diabetes mellitus, type II, is not warranted. Specifically, while the evidence of record reveals that such disability is treated with oral medication, there is no indication that such disorder requires insulin injections, a restricted diet, or regulation of activities. Therefore, as the use of insulin, a restricted diet, and regulation of activities are required manifestations for a 40, 60, or 100 percent rating and the Veteran is not shown to meet such criteria, a rating in excess of 20 percent is not warranted. Furthermore, the Board finds that there are no complications of his diabetes mellitus, type II, that warrant separate ratings. 

The Board has also considered whether staged ratings under Hart, supra, are appropriate for the Veteran’s service-connected diabetes mellitus, type II; however, the Board finds that the Veteran’s symptomatology has been stable throughout the period on appeal. Therefore, assigning staged ratings for such disability is not warranted. Further, neither the Veteran nor his representative has raised any other issues nor have any other issues been reasonably raised by the record in regard to the increased rating claim adjudicated herein. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

In sum, the Board finds that the Veteran is not entitled to a rating in excess of 20 percent for his diabetes mellitus, type II. Therefore, the benefit of the doubt doctrine is not applicable to the instant appeal and his claim for a higher rating for such disability must be denied. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 

MARTIN B. PETERS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Koria B. Stanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.