﻿Citation Nr: AXXXXXXXX
Decision Date: 12/04/18 Archive Date: 12/04/18

DOCKET NO. 181002-464
DATE: December 4, 2018
ORDER
Entitlement to an increased rating for service-connected posttraumatic stress disorder (PTSD) from December 10, 2014 to May 9, 2018 is denied.
REMANDED
Entitlement to a total disability rating based upon individual unemployability (TDIU) due to service connected disabilities from December 10, 2014 to May 9, 2018 is remanded.
FINDING OF FACT
For the entire period on appeal, the Veteran’s PTSD has been manifested by occupational and social impairment with reduced reliability and productivity.
CONCLUSION OF LAW
The criteria for a rating in excess of 50 percent for PTSD from December 10, 2014 to May 9, 2018 have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.7, 4.130, Diagnostic Code 9411.
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from March 1970 to March 1972. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 
Finally, the Board notes that the Veteran has presented evidence indicating that his service-connected PTSD renders him unemployable. In Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for a total disability rating based upon individual unemployability (TDIU) is part of an increased rating claim when such claim is expressly raised by the Veteran or reasonably raised by the record. Thus, the Board finds that the issue of entitlement to a TDIU has been reasonably raised by the record and is, thus, properly before the Board.
Entitlement to an increased rating for service-connected posttraumatic stress disorder (PTSD) from December 10, 2014 to May 9, 2018
The Veteran contends that his service-connected PTSD warrants a rating in excess of 50 percent for the period on appeal.
Initially, the Board notes that despite the Veteran’s attorney’s contention that the appeal actually dates back to the initial rating in October 2010, the Veteran did not file a Notice of Disagreement or submit new and material evidence within a year of the December 2011 rating decision granting service connection for PTSD and assigning the initial rating. The Veteran’s attorney argues that additional treatment records were added to the claims file showing increased symptomatology within a year of the rating decision. However, this medical evidence was not added to the claims file until January 2016. Accordingly, the December 2011 rating decision is final. The Veteran’s claim for an increased rating was received in December 2015. As such, the appeal period for the instant claim begins from December 2014. See 38 U.S.C. § 5110(b)(2); 38 C.F.R. § 3.400(o)(2).
A disability rating is determined by the application of VA’s Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.
Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 
The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as staged ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).
PTSD is rated under the General Rating formula for Mental Disorders. See 38 C.F.R. § 4.130, Diagnostic Code 9411. Under these criteria, a 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to particular symptoms such as: flattened affect; circumstantial, circumlocutory or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory; impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.
A 70 percent rating is warranted where there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships.
A 100 percent rating is warranted where there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.
Ratings are assigned according to the manifestations of particular symptoms. However, the use of the term “such as” in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). When determining the appropriate disability evaluation to assign, however, the Board’s primary consideration is the Veteran’s symptoms. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013).
VA has implemented DSM-5 for claims certified to the Board beginning August 4, 2014, such as in the instant appeal. See 79 Fed. Reg. 45, 093, 45,094 (Aug. 4, 2014). Hence, this appeal is governed by DSM-5.
VA treatment records dated in April 2015 reflect that the Veteran reported recent difficulties with depressed mood, low energy, lack of motivation, and increased irritability. He stated that his overall anxiety and panic symptoms are helped significantly with medication. The Veteran was working as a peer support specialist and played paddle tennis on weekends and Thursday evenings. He stated he enjoyed work, exercise, and social activities. However, he found it a little more difficult to remain motivated and avoid irritability. He denied recent paranoia, persecutory delusions, and suicidal ideation. He indicated panic symptoms were occurring about twice a week but he denied panic attacks. The Veteran reported that he last had severe depressive symptoms with suicidal ideations about a year and a half prior. He was living with his wife of 35 years and indicated he had 2 sons that lived elsewhere. On observation, he was clean and dressed appropriately. His attitude was cooperative, speech normal, and mood was mildly depressed. His affect was mildly restricted. He denied any current suicidal/homicidal ideation or hopelessness. His thought process was goal directed and logical with no formal thought disorder. He was awake, alert, and well oriented with concentration and memory intact. 
The Veteran was afforded a VA examination in February 2016. At that time, the examiner noted that the Veteran was diagnosed with PTSD and alcohol use disorder, and that it is not possible to differentiate what portion of each symptom is attributable to each diagnosis. The examiner found that the Veteran’s psychiatric symptomatology was consistent with occupational and social impairment with reduced reliability and productivity. The Veteran reported being married for 37 years and described his relationship with his wife as “up and down.” He said his wife will get mad at him related to his irritability. The Veteran also reported having 2 adult sons and 1 grandchild with another on the way. He stated his relationship with his sons used to be better. The Veteran indicated that he worked full time about 3-4 days a week since 2013 as a peer support specialist for the VA. Regarding leisure activities, the Veteran stated that he watched television and played paddle tennis with other veterans outside when the weather was nice. The Veteran stated that he wakes 2 to 4 times a night with night sweats and waking up afraid. The Veteran reported PTSD symptoms of depressed mood, anxiety, suspiciousness, panic attacks that occur weekly or less often, chronic sleep impairment, disturbances of motivation or mood, difficulty in establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful circumstances, including work or a worklike setting. 
During VA treatment in March 2017, the Veteran reported recent difficulties with depressed mood, low energy, low motivation and focus, and more irritability with some sleep disturbance. He was still employed as a peer support specialist and played paddle tennis. He continued to enjoy work, exercise, and social activities. He denied psychotherapy treatment in the previous 1 and a half years. The Veteran reported disrupted sleep, a fair mood, and improving mood and anxiety. On observation, the Veteran was clean and dressed appropriately. His attitude was cooperative and his speech was normal. His mood was fair with a mildly restricted range and intensity and he denied any current suicidal and homicidal ideation. His thought process was goal directed and logical, he was oriented, and his concentration and memory were intact. His insight and judgment were good. The psychiatrist described the Veteran’s major depressive disorder as mild to moderate.
In an April 2017 vocational assessment, the vocational expert found that the Veteran’s level of reduced ability caused by his PTSD compromises his reliability and productivity to the point he is unable to secure and follow a substantially gainful occupation other than in a protected work environment. 
Based on the above, the Board finds that the Veteran is not entitled to a rating in excess of 50 percent at any time during the appeal period for his service-connected PTSD. In this regard, the Board notes that the evidence of record does not show that the Veteran had sufficient symptoms of the kind listed in the 70 percent requirements, or others of similar severity, frequency or duration, that caused occupational and social impairment with deficiencies in most areas. Notably, the February 2016 VA examiner found that the Veteran’s acquired psychiatric disability was most productive of occupational and social impairment with reduced reliability and productivity. The Veteran maintained a marriage for over 30 years, enjoyed playing table tennis, and had a job. Despite suicidal ideation in the “remote past,” the Veteran regularly denied suicidal and homicidal ideations during the appeal period. His speech and thought processes were normal, and he was noted to maintain appropriate hygiene. There is no indication from the record that the Veteran experienced delusions or had obsessional rituals which interfered with his routine activities. His thought process was directed and logical and his insight and judgment were fair. Further, even considering the April 2017 vocational assessment, there is no evidence that the Veteran’s PTSD was manifested by occupational and social impairment with deficiencies in most areas. Indeed, he reported that he enjoyed work during the March 2017 VA treatment. 
The Board recognizes the list of symptoms under the rating criteria are not meant to be exhaustive, and the Board need not find all or even some of the symptoms to award a specific rating. 38 C.F.R. § 4.21; Mauerhan, 16 Vet. App. at 442-43. Here, the Board finds the severity, frequency, and duration of the symptoms reported by the Veteran during the appeal period most closely represent the symptoms listed in the criteria for a 50 percent rating. Therefore, the Board finds that a rating in excess of 50 percent for PTSD is not warranted. 38 C.F.R. § 4.130, Diagnostic Code 9411.
REASONS FOR REMAND
Entitlement to a total disability rating based upon individual unemployability (TDIU) due to service connected disabilities from December 10, 2014 to May 9, 2018 is remanded.
The issue of entitlement to a TDIU is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. As noted above, the Board finds that the record has raised an inferred claim for entitlement to a TDIU rating. Rice v. Shinseki, supra. The RO has not developed or adjudicated the matter of whether the Veteran’s service-connected disabilities render him unemployable. Therefore, the TDIU claim must be remanded to the RO for adjudication in accordance with the holding in Rice.
The matter is REMANDED for the following action:
Issue a notice letter to the Veteran concerning his claim for a TDIU. Additionally, ask him to fully complete a VA Form 21-8940, Veteran’s Application for Increased Compensation Based on Unemployability. Thereafter, the AOJ must adjudicate the Veteran’s TDIU claim. 

 
CAROLINE B. FLEMING
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Lindsey Connor