﻿Citation Nr: AXXXXXXXX
Decision Date: 01/03/19 Archive Date: 01/03/19

DOCKET NO. 180727-170
DATE: January 3, 2019

ORDER

A rating in excess of 10 percent for status/post lumbar spine fusion is denied. 

FINDINGS OF FACT

1. The Veteran had active service from January 1982 to May 2007, she has been in receipt of a 100 percent total disability rating based on unemployability since December 2010. 

2. Since August 7, 2013, the Veteran’s lumbar spine disability has been manifested by subjective complaints of chronic pain triggered, muscle spasms, and limitations with prolonged walking, standing, and sitting; objective findings include forward flexion at worst to 85 degrees, combined range of motion of the lumbar spine measured at worst at 140 degrees, guarding and muscle spasms not severe enough to result in abnormal gait or spinal contour, and no intervertebral disc syndrome (IVDS). 

CONCLUSION OF LAW

The criteria for a rating in excess of 10 percent for status/post spine fusion have not been met. 38 U.S.C. §§ 1155, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 4.3, 4.7, 4.59, 4.71a, Diagnostic Codes (DCs) 5241, 5243 (2017). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

As an initial matter, on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law, which will go into effect in February 2019, creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. In March 2018, VA received notice that the Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). The Board is honoring her choice and, accordingly, this decision has been written consistent with the new AMA framework. 

The Veteran selected the Higher-Level Review lane when she submitted the RAMP election form. Accordingly, the July 2018 RAMP rating decision considered the evidence as of the date VA received the RAMP election form. She timely appealed this RAMP rating decision to the Board and requested 90 days to submit additional evidence.

Additionally, in a notice of disagreement with the July 2018 RAMP rating decision, the Veteran asserted a claim of entitlement to special monthly compensation based on aid and attendance. However, the July 2018 RAMP rating decision did not address this issue; as such, the Board does not have jurisdiction over it. She is advised to resubmit a claim of entitlement to special monthly compensation based on aid and attendance with the Agency of Original Jurisdiction (AOJ) so that can be properly adjudicated under RAMP. 

Turning to the merits of the issue on appeal, disability evaluations are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4.

The Veteran’s lumbar spine disability has been rated at 10 percent under DC 5241 since August 2013. The Board will consider all relevant diagnostic codes. In order to warrant a higher rating, the objective medical evidence must show the following:

• forward flexion of the thoracolumbar spine greater than 30 degrees but not greater than 60 degrees (20% under DC 5241);

• a combined range of motion of the thoracolumbar spine not greater than 120 degrees (20% under DC 5241);

• muscle spasms or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis (20% under DC 5241);

• IVDS with incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months (20% under DC 5243). 

In a July 2018 informal hearing, the Veteran asserted that she was entitled to a higher rating for her lumbar spine disability because she required a pain pump to treat her back pain and received benefits from the Social Security Administration (SSA) as a result of the severity of her disability.

The AOJ continued the 10 percent rating most recently assigned under DC 5241 and found that the evidence of record did not warrant a higher rating. Accordingly, the question is whether the evidence of record meets the criteria for a rating higher than 10 percent for the Veteran’s lumbar spine disability. 

In an August 2013 VA examination, the Veteran reported that she was on pain management with opioids and was having a pump implanted for pain control. She explained that she had chronic low back pain and flare-ups that impacted the function of her lumbar spine during which her pain increased.

Upon examination, the range of motion of her lumbar spine was measured as forward flexion to 85 degrees, extension to 5 degrees, right lateral flexion to 10 degrees, left lateral flexion to 10 degrees, right lateral rotation to 15 degrees, and left lateral rotation to 15 degrees. The combined range of motion of her lumbar spine was measured at 140 degrees. 

The examiner found that the Veteran had functional loss or impairment of her lumbar spine characterized by less movement than normal and pain on movement. The examiner noted that the Veteran did not have guarding, muscle spasms, muscle atrophy, radicular pain, signs, and symptoms due to radiculopathy, or IVDS. The examiner ultimately diagnosed degenerative joint disease (DJD) of the lumbar spine with status/post fusion.

In medical treatment notes between August 2013 and February 2015, the Veteran reinforced that she had back pain due to muscle spasms and an aching sensation running across her lower back that at times was very tender and sore to the touch. Clinicians noted that she had painful lumbar muscles with extension, painful right hip external rotation, and painful lumbar muscles with flexion that was more uncomfortable than painful. 

In a February 2015 VA examination, the Veteran stated that she continued to have constant low back pain, including sharp pain with some activity and movements. She reported limitations with prolonged walking, standing, and sitting, and said that her pain occasionally radiated down her left leg. However, she did not note any flare-ups.

Upon examination, the examiner reported being unable to measure the range of motion of the Veteran’s lumbar spine, as she was reluctant to do testing due to back pain and balance problems. The examiner observed no evidence of pain with weight bearing and moderate to severe tenderness to light palpation of the lumbar spine. The examiner found that the Veteran had localized tenderness and guarding that did not result in an abnormal gait or spinal contour and did not have ankylosis of the spine, IVDS, or radicular pain or signs and symptoms due to radiculopathy. The examiner remarked that the Veteran had severe subjective pain, but that her subjective symptoms were out of proportion to the objective findings of the examination. 

In subsequent medical treatment notes, the Veteran reinforced that she experienced constant, aching, and burning low back pain that was triggered by bending, bending to the right and left, sitting, twisting, and walking. She reported that her pain moderately limited her activity and occurred daily. She said that the pain was tolerable when she was inactive, but could be so severe that it dropped her to her knees. She remarked that while she was trying hard to live with the pain, it was sometimes unbearable. Clinicians noted a slightly antalgic gait upon examination. 

Based on the above, a rating in excess of 10 percent is not warranted. In this regard, the examinations and medical treatment notes established that the forward flexion of her lumbar spine was, at worst, to 85 degrees, the combined range of motion was measured at worst at 140 degrees. Furthermore, while the examinations and medical treatment notes established that she had guarding and muscle spasms, they were not severe enough to result in an abnormal gait or spinal contour. Accordingly, the medical evidence does not support a rating in excess of 10 percent for a lumbar spine disability. 

The Board has considered statements offered by the Veteran and her family describing the severity of her low back disability. Lay witnesses are competent to report symptoms because this requires only personal knowledge as it comes to them through their senses. Layno v. Brown, 6 Vet. App. 465, 470 (1994). However, they are not competent to identify a specific level of disability of this disorder according to the appropriate diagnostic codes. 

Such competent evidence concerning the nature and extent of the Veteran’s lumbar spine disability have been provided by the medical personnel who have examined her during the current appeal and who have rendered pertinent opinions in conjunction with the evaluations. The medical findings (as provided in the VA examinations) directly address the criteria under which her lumbar compression fracture is evaluated. 

Moreover, as the clinicians have the requisite medical expertise to render medical opinions regarding the degree of impairment caused by the disability and had sufficient facts and data on which to base the conclusions, the Board affords the medical opinions great probative value. As such, these records are more probative than the subjective evidence of complaints of increased symptomatology provided by the Veteran and her family, and the appeal is denied. 

Consideration has been given to assigning staged ratings. However, at no time during the periods in question has the disability warranted higher schedular ratings than those assigned. Hart v. Mansfeld, 21 Vet. App. 505 (2007). 

Finally, the Veteran has not raised any other outstanding issues, nor have any other issues been reasonably raised by the record for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Spigelman, Associate Counsel