﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 200422-79472
DATE: June 30, 2020

ORDER

Entitlement to a compensable rating for right pinky flexor tendonitis with contracture is denied.

Entitlement to a rating in excess of 10 percent for right middle finger flexor tendonitis with contracture is denied.

Entitlement to a rating in excess of 10 percent for right index finger flexor tendonitis with contracture is denied.

Entitlement to a compensable rating for graft donor site right forearm and 4th finger amputation scars is denied.

Entitlement to a rating in excess of 10 percent for posttraumatic amputation, distal tip of right ring finger with osteoarthritis and flexor tendonitis with contracture is denied.

FINDINGS OF FACT

1. The Veteran's right pinky flexor tendonitis with contracture has not resulted in ankylosis.

2. The Veteran's right middle finger flexor tendonitis with contracture has not resulted in ankylosis.

3. The Veteran’s right index finger flexor tendonitis with contracture has not resulted in ankylosis.

4. The Veteran’s graft donor site right forearm and 4th finger amputation scars are not manifested by an area or areas of 144 square inches (929 sq. cm.) or greater and are not unstable or painful.

5. The Veteran’s posttraumatic amputation, distal tip of right ring finger with osteoarthritis and flexor tendonitis with contracture has not resulted in metacarpal resection (more than one-half the bone lost).

CONCLUSIONS OF LAW

1. The criteria for a compensable rating for right pinky flexor tendonitis with contracture are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.71a, Diagnostic Codes (DCs) 5009, 5230.

2. The criteria for a rating in excess of 10 percent for right middle finger flexor tendonitis with contracture are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.71a, DCs 5009, 5229.

3. The criteria for a rating in excess of 10 percent for right index finger flexor tendonitis with contracture are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.71a, DCs 5009, 5229.

4. The criteria for a compensable rating for graft donor site right forearm and 4th finger amputation scars are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.118, DC 7802.

5. The criteria for a rating in excess of 10 percent for posttraumatic amputation, distal tip of right ring finger with osteoarthritis and flexor tendonitis with contracture are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.59, 4.71a, DC 5155.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active military service from November 1963 to November 1965. 

The Veteran’s claim was decided in March 2020 rating decision. In April 2020, the Veteran timely appealed that decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Direct review entails adjudication on an identical record; no additional development takes place. Therefore, the Board will only consider evidence of record at the time of the March 2020 decision on appeal; however, additional argument may be considered. 38 C.F.R. § 20.300. 

Increased Ratings

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where entitlement to compensation has already been established, and an increase in the disability rating is at issue, the present level of disability is of primary concern. Although a rating specialist is directed to review the recorded history of a disability in order to make a more accurate evaluation, the regulations do not give past medical reports precedence over current findings. See Francisco v. Brown, 7 Vet. App. 55 (1994); 38 C.F.R. § 4.2. Staged ratings are, however, appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. The relevant focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. See generally Hart v. Mansfield, 21 Vet. App. 505 (2007). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7.

In determining the degree of limitation of motion, several regulatory provisions are taken into consideration: the provisions of 38 C.F.R. § 4.40 concerning lack of normal endurance, functional loss due to pain, and pain on use and during flare-ups; the provisions of 38 C.F.R. § 4.45 concerning weakened movement, excess fatigability, and incoordination; and the provisions of 38 C.F.R. § 4.10 concerning the effects of the disability on the veteran’s ordinary activity. See DeLuca v. Brown, 8 Vet. App. 202 (1995). The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. 

38 C.F.R. § 4.40 allows for consideration of functional loss due to pain and weakness causing additional disability beyond that reflected on range of motion measurements. Under 38 C.F.R. § 4.45, functional loss due to weakened movement, excess fatigability, and incoordination must also be considered. See DeLuca, 8 Vet. App. at 206-07. Furthermore, 38 C.F.R. § 4.59 recognizes that painful motion is an important factor of disability. Joints that are painful, unstable, or misaligned, due to healed injury, are entitled to at least the minimum compensable rating for the joint. Id. 38 C.F.R. § 4.59 requires that VA examinations include joint testing for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. Correia v. McDonald, 28 Vet. App. 158 (2016). Special note should be taken of objective indications of pain on pressure or manipulation, muscle spasm, crepitation, and active and passive range of motion of both the damaged joint and the opposite undamaged joint. Id.; see Burton v. Shinseki, 25 Vet. App. 1 (2011). Pain that does not result in additional functional loss does not warrant a higher rating. See Mitchell v. Shinseki, 25 Vet. App. 32, 42-43 (2011).

1. Entitlement to a compensable rating for right pinky flexor tendonitis with contracture

The Veteran contends that a compensable rating is warranted for his right pinky disability.

Examinations reflect that the Veteran is right-arm dominant; accordingly, the criteria for the major arm apply for all digits in this appeal. 

The Veteran is currently rated under a hyphenated diagnostic code. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires the use of an additional diagnostic code to identify the basis for the rating assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.2. DC 5009 refers generally to other types of arthritis, whereas DC 5230 refers to limitation of motion of ring or little finger. The only rating available is zero percent, which is warranted for any limitation of motion. 38 C.F.R. § 4.71a, DC 5230. Higher ratings are available for amputation under 38 C.F.R. § 4.71a, DC 5156; unfavorable ankylosis of multiple digits under 38 C.F.R. § 4.71a, DCs 5216, 5217, 5218, 5219; and favorable ankylosis of multiple digits under 38 C.F.R. § 4.71a, DCs 5220, 5221, 5222, 5223.

Throughout this appeal, the assigned zero percent evaluation for the Veteran’s right pinky flexor tendonitis with contracture fully contemplates all symptomatology associated with the disability. The evidence of record, including September 2019 and February 2020 VA examinations, and VA treatment records, indicate that the Veteran has, at worst, flexion of the metacarpophalangeal (MCP), proximal interphalangeal (PIP), and distal interphalangeal (DIP) joints all reduced by five degrees. As noted above, the assigned zero percent rating contemplates any limitation of motion. The examinations reflect functional loss due to pain and lack of endurance after repetitive use over time. The 2019 examination shows weakened movement, and both examinations reveal decreased grip strength. No flare-ups were noted in either examination. A June 2019 record reflects that the Veteran had problems laying his hand flat on a surface and to hold a pen. No examination or treatment record has showed ankylosis, nor has the Veteran contended that he has ankylosis. Even with considering pain on motion, the Veteran’s ranges of motion did not approximate that of ankylosis. Both examinations also meet the requirements of Correia and still do not show limitation of motion approximating ankylosis warranting a compensable rating. 

The Board acknowledges the Veteran's pain on motion. Unlike other DCs, Code 5230 does not instruct that other DCs should be considered. The inclusion of criteria in one DC indicates that the Secretary’s exclusion of that criteria elsewhere was purposeful. See Hudgens v. Gibson, 26 Vet. App. 558 (2014).

Reading § 4.59 in conjunction with DC 5230, a compensable rating under DC 5230 is not warranted. There is no minimum compensable rating available under DC 5230; any level of disability warrants a zero percent rating. DC 5230’s specific finding that there is no impairment in earning capacity from any limitation of motion of the ring finger trumps the general intent in § 4.59 to compensate painful motion with at least the minimum compensable rating. See Beverly v. Nicholson, 19 Vet. App. 394 (2005). Furthermore, there is no objective evidence of arthritis warranting a compensable rating pursuant to DC 5009. There accordingly exists no basis for a compensable rating for the right pinky disability during this appeal. 38 C.F.R. § 4.71a, DCs 5009-5230. 

The overall evidence of record does not show symptomatology warranting a compensable for the right pinky disability. The most pertinent evidence reviewed in reaching this decision includes the aforementioned 2019 and 2020 VA examinations, as well as the VA treatment records assembled in conjunction with this appeal. In denying a higher rating, the Board finds that the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

2. Entitlement to a rating in excess of 10 percent for right middle finger flexor tendonitis with contracture

3. Entitlement to a rating in excess of 10 percent for right index finger flexor tendonitis with contracture

The Veteran contends that ratings in excess of 10 percent are warranted for his right middle finger and right index finger disabilities.

Both digits are rate under the same hyphenated diagnostic code. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires the use of an additional diagnostic code to identify the basis for the rating assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.2. DC 5009 refers generally to other types of arthritis, whereas DC 5229 refers to limitation of motion of index or long finger. The highest rating available is 10 percent, which is warranted for gap of one to two inches (2.5 to 5.1 cm.) or more between the fingertip and the proximal transverse crease of the palm, with the finger flexed to the extent possible, or; with extension limited by more than 30 degrees. 38 C.F.R. § 4.71a, DC 5229. Higher ratings are available for amputation under 38 C.F.R. § 4.71a, DC 5154; unfavorable ankylosis of multiple digits under 38 C.F.R. § 4.71a, DCs 5216, 5217, 5218, 5219; and favorable ankylosis of multiple digits under 38 C.F.R. § 4.71a, DCs 5220, 5221, 5222, 5223.

Throughout this appeal, the assigned 10 percent evaluations for the Veteran’s right middle and right index finger flexor tendonitis with contracture fully contemplates all symptomatology associated with the disabilities. The evidence of record, including September 2019 and February 2020 VA examinations, and VA treatment records, indicate that the Veteran has, at worst, flexion of the MCP, PIP, and DIP joints in both digits all reduced by five degrees. No gap between the fingertips and proximal transverse crease of the palm on maximal finger flexion was shown. The examinations reflect functional loss due to pain and lack of endurance after repetitive use over time. The 2019 examination shows weakened movement, and both examinations reveal decreased grip strength. No flare-ups were noted in either examination. A June 2019 record reflects that the Veteran had problems laying his hand flat on a surface and to hold a pen. No examination showed ankylosis of any digit, nor has the Veteran contended that he has ankylosis. Even with considering pain on motion, the Veteran’s ranges of motion did not approximate that of ankylosis. Both examinations also meet the requirements of Correia and still does not show limitation of motion approximating ankylosis warranting ratings in excess of 10 percent for either digit. The overall evidence of record does not show symptomatology warranting ratings in excess of 10 percent for the right middle and right index finger disabilities. 

The most pertinent evidence reviewed in reaching this decision includes the aforementioned 2019 and 2020 VA examinations, as well as the VA treatment records assembled in conjunction with this appeal. In denying higher ratings, the Board finds that the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7. 

4. Entitlement to a compensable rating for graft donor site right forearm and 4th finger amputation scars 

The Veteran contends that he is entitled to a compensable rating for his graft donor site right forearm and 4th finger amputation scars. 

The Veteran’s disability is rated under DC 7802. The Board notes that VA amended the criteria for rating skin disabilities effective from August 13, 2018. These new regulations apply to all applications for benefits received by VA or that are pending before the agency of original jurisdiction on or after August 13, 2018, as with the current claim. 

Since August 13, 2018, DC 7802 is for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage. 38 C.F.R. § 4.118. The Note to DC 7802 provides that ratings for widely separated areas, as on two or more extremities or on anterior and posterior surfaces of extremities or trunk, will be separately rated and combined. DC 7802 was otherwise unchanged by the August 13, 2018, amendments. 

The evidence of record, including September 2019 and February 2020 VA examinations, and VA treatment records, is against the assignment of a compensable evaluation under DC 7802 because the Veteran’s scars are not manifested by an area or areas of 144 square inches (929 sq. cm.) or greater. The scars are also not on widely separate areas warranting separate ratings. 

The Board has also considered the other DCs pertaining to scars. However, the Veteran’s scars are not of the head, face, or neck, are not deep and non-linear, and are not associated with underlying soft tissue damage. Moreover, the Veteran’s scars are not unstable or painful. Therefore, DCs 7800, 7801, and 7804, are inapplicable. Finally, the evidence of record shows there are no other disabling effect(s) not considered in a rating provided under DCs 7800-04 as contemplated under DC 7805. 

The Board acknowledges that the Veteran believes that the disability on appeal has been more severe than the assigned disability rating reflects. Moreover, the Veteran is competent to report observable symptoms; however, no symptoms have been reported during this appeal. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, he does not assert, and medical treatment records do not show, that the Veteran’s scars are manifested by an area or areas of 144 square inches (929 sq. cm.) or greater. 

The most pertinent evidence reviewed in reaching this decision includes the aforementioned 2019 and 2020 VA examinations, as well as the VA treatment records assembled in conjunction with this appeal. In denying a higher rating, the Board finds that the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7. 

5. Entitlement to a rating in excess of 10 percent for posttraumatic amputation, distal tip of right ring finger with osteoarthritis and flexor tendonitis with contracture 

The Veteran contends that a rating in excess of 10 percent is warranted for his right ring finger disability.

The Veteran is currently rated under DC 5155, which evaluations impairment from amputation of ring finger. A 10 percent rating is warranted without metacarpal resection, at proximal interphalangeal joint or proximal thereto. 38 C.F.R. § 4.71a, DC 5155. The highest 20 percent rating is warranted with metacarpal resection (more than one-half the bone lost). 

Throughout this appeal, the assigned 10 percent evaluation for the Veteran’s posttraumatic amputation, distal tip of right ring finger with osteoarthritis and flexor tendonitis with contracture fully contemplates all symptomatology associated with the disability. The evidence of record, including a February 2020 VA examination and VA treatment records, show that the Veteran had amputation without metacarpal resection, at proximal interphalangeal joint or proximal thereto. The overall evidence of record does not show that the Veteran had metacarpal resection warranting a rating in excess of 10 percent for the right ring finger disability. 

The most pertinent evidence reviewed in reaching this decision includes the aforementioned 2020 VA examination, as well as the VA treatment records assembled in conjunction with this appeal. In denying a higher rating, the Board finds that the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7. 

In making these determinations, the Board notes that neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017). Moreover, as the Veteran has not contended, nor does the evidence show, that these disabilities render him unemployable, the issue of entitlement to a total disability rating based on individual unemployability has not been raised by the record. Rice v. Shinseki, 22 Vet. App. 447 (2009).

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Barstow, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.