﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190731-15768
DATE: August 31, 2020

ORDER

For the period prior to April 24, 2019, an evaluation in excess of 30 percent for posttraumatic stress disorder (PTSD) is denied.

For the period since April 24, 2019, a 50 percent evaluation, but no higher, for PTSD is granted.

FINDINGS OF FACT

1. For the period prior to April 24, 2019, the Veteran’s PTSD was not productive of occupational and social impairment with reduced reliability and productivity.

2. For the period since April 24, 2019, the Veteran’s PTSD has been productive of occupational and social impairment with reduced reliability and productivity.

CONCLUSIONS OF LAW

1. For the period prior to April 24, 2019, the criteria for an evaluation in excess of 30 percent for PTSD have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.102, 4.1-4.14, 4.130, Diagnostic Code 9411.

2. For the period since April 24, 2019, the criteria for a 50 percent evaluation, but no higher, for PTSD have been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.102, 4.1-4.14, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from October 2011 to September 2018.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision by the Department of Veterans Affairs (VA) under its modernized review system. See Veterans Appeals Improvement and Modernization Act (AMA), Pub. L. No. 115-55, 131 Stat. 1105 (2017); VA Claims and Appeals Modernization, 84 Fed. Reg. 138 (Jan. 18, 2019) with applicability provisions under 38 C.F.R. §§ 3.2400 and 19.2. 

The Veteran filed a claim for increased evaluation for PTSD in January 2019. In a May 2019 rating decision, the agency of original jurisdiction (AOJ) continued a 30 percent evaluation for PTSD (previously characterized as unspecified anxiety disorder). The Veteran timely appealed that rating decision to the Board in a July 2019 VA Form 10182 and requested direct review of the evidence considered by the AOJ.

The Board notes that the Veteran subsequently submitted a VA Form 20-0996 in August 2019 requesting higher-level review. However, he did not withdraw the appeal to the Board, and the AOJ advised him in an August 2019 that the higher-level review request could not be accepted. See 38 C.F.R. § 3.2500(b), (d), (e); 38 C.F.R. § 20.205. 

Law and Analysis

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. 38 C.F.R. § 4.7.

In considering the severity of a disability, it is essential to trace the medical history of the veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). While the regulations require review of the recorded history of a disability by the adjudicator to ensure a more accurate evaluation, the regulations do not give past medical reports precedence over more recent medical findings.

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Where VA’s adjudication of the claim for increase is lengthy and factual findings show distinct time periods where the service-connected disability exhibits symptoms which would warrant different ratings, different or “staged” ratings may be assigned for such different periods of time. Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007); Fenderson, 12 Vet. App. at 126-27.

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information and lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the weight of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

The Veteran’s PTSD has been assigned a 30 percent evaluation pursuant to 38 C.F.R. § 4.130, Diagnostic Code 9411. Under that diagnostic code, a 30 percent evaluation is assigned for occupational and social impairment with an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events).

A 50 percent evaluation is warranted when the psychiatric disorder results in reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

A 70 percent evaluation is warranted when the psychiatric disorder results in occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships.

A 100 percent evaluation is warranted when the psychiatric disorder results in total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

The use of the term “such as” in the general rating formula for mental disorders in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). It is not required to find the presence of all, most, or even some, of the enumerated symptoms recited for particular ratings. Id. The use of the phrase “such symptoms as,” followed by a list of examples, provides guidance as to the severity of symptoms contemplated for each rating, in addition to permitting consideration of other symptoms, particular to each veteran and disorder, and the effect of those symptoms on the claimant’s social and work situation. Id. 

In Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013), the Federal Circuit stated that “a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.” It was further noted that “§ 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment in most of the referenced areas.”

In this case, an October 2018 VA examination report documented the Veteran as having a flattened affect and feelings of anxiety, worry, irritability, numbness, and some sleep disturbances, but he did not have symptoms severe enough to interfere with occupational and social functioning or to require continuous medication. During the examination, the Veteran denied having feelings of helplessness, hopelessness, and depression, as well as suicidal or homicidal ideation, intrusive memories, and flashbacks. The examiner also noted that the Veteran was married, but had been separated from his wife for two years, lived by himself and managed his household independently, had hobbies, and had just begun a job at a beer distribution company. The examiner indicated that he displayed cooperative and attentive behavior and good judgment during the examination. 

March 2019 VA treatment records noted that the Veteran was alert and oriented, and he had clear speech, logical thought processes, and intact associations. The records also noted that the Veteran felt numb, had occasional nightmares, was hypervigilant, and did not like crowds. Additionally, the records documented that the Veteran felt down, depressed, or hopeless, but he had not experienced little interest or pleasure in doing things or suicidal thoughts.

An April 2019 VA examination report documented that the Veteran had depressed mood, anxiety, chronic sleep impairment, military related nightmares, mild memory loss, and flattened affect. The examiner noted that the Veteran had been employed at a beer distribution company for five months and sometimes had to leave work because of his PTSD symptoms. The examiner also noted that he had been separated from his wife for three years and that his PTSD symptoms contributed to the separation. Additionally, the examiner reported that the Veteran had a few friends and engaged in yard work and car maintenance as hobbies. The examiner also noted that demonstrated risky behavior by aggressively and carelessly riding his motorcycle. 

Prior to April 24, 2019

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is not entitled to an evaluation in excess of 30 percent prior to April 24, 2019.

During this time period, the Veteran did not experience panic attacks; impairment of memory, judgment, or abstract thinking; difficulty in understanding complex commands; or circumstantial, circumlocutory, or stereotyped speech, as contemplated in the criteria for a 50 percent evaluation

The record also shows that the Veteran had just started a job at a beer distribution company and planned to pursue education related to aviation. He was also noted to find interest and pleasure in doing things. Specifically, the October 2018 VA examiner reported that his hobbies included working on vehicles and riding motorcycles. Although the Veteran indicated that he had been separated from his wife for two years, he established an effective work relationship, had plans for future education, and participated in activities.

Notably, the October 2018 VA examiner opined that the Veteran’s disability did not have severe enough symptoms to interfere with occupational and social functioning or to require continuous medication. Such a finding is commensurate with a noncompensable evaluation.

To the extent that any symptoms indicative of a 50 percent evaluation or higher may be shown or argued, such as a flattened affect or a depressed mood, the fact remains that the evidence does not establish occupational and social impairment with reduced reliability and productivity.

After considering the evidence of record, the Board finds that the Veteran’s symptoms more closely approximated the criteria for an evaluation of 30 percent prior to April 24, 2019. Overall, the Veteran had not demonstrated a level of impairment consistent with the 50 percent criteria, nor were the Veteran’s symptoms productive of occupational and social impairment with reduced reliability and productivity. Mauerhan, supra, Vazquez-Claudio, supra. The criteria for the next higher rating of 50 percent have not been met or approximated. See 38 C.F.R. § 4.130, Diagnostic Code 9411.

On or After April 24, 2019

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that the Veteran is entitled to a 50 percent evaluation as of April 24, 2019.

Notably, the April 2019 VA examiner found that the Veteran had mild memory loss, a flattened affect, markedly diminished interest or participation in significant activities, and feelings of detachment and estrangement from others. The examiner also noted that the Veteran was irritable, had angry outbursts with little or no provocation, and engaged in reckless or self-destructive behavior. The Veteran was married, but had been separated from his wife for three years. It was noted that his PTSD symptoms contributed to the separation. The examiner further noted that the Veteran lived by himself and had few friends. He also indicated that the Veteran engaged in risky behavior by riding his motorcycle carelessly and aggressively.

With regard to occupational impairment, the April 2019 VA examiner noted that the Veteran sometimes had to leave work because of his PTSD symptoms. Specifically, the Veteran indicated that his co-workers angered him, which caused him to have to leave work.

The Board does acknowledge that the April 2019 VA examiner opined that the Veteran’s PTSD caused occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks although generally functioning satisfactorily with normal routine behavior self-care and conversation. Such statement is commensurate with a 30 percent evaluation. However, the examiner also noted that the Veteran had disturbances that caused clinically significant distress or impairment in social, occupational, or other important areas of functioning. Additionally, as noted above, the examiner indicated that the Veteran experienced markedly diminished interest or participation in significant activities, irritability or outbursts of anger, reckless or self-destructive behavior, hypervigilance, an exaggerated startle response, difficulty concentrating, and sleep disturbances. 

Overall, the Board finds that the Veteran’s symptoms are productive of occupational and social impairment with reduced reliability and productivity. Thus, resolving all reasonable doubt in the Veteran’s favor, the Board finds that his symptoms are more consistent with a 50 percent disability evaluation since April 24, 2019.

Nevertheless, the Board finds that the Veteran is not entitled to an evaluation in excess of 50 percent for his PTSD since April 24, 2019.

With regard to social impairment, the Veteran was separated from his wife and lived alone. However, the record also shows that his support system included a few friends. With regard to occupational impairment, although the Veteran became angry with his co-workers, the record shows that he maintained employment. Thus, the Veteran is not shown to have an inability to establish and maintain relationships as contemplated in the criteria for a 70 percent evaluation.

To the extent that any of the symptoms of a 70 percent rating may be shown or argued, such as unprovoked irritability and outbursts expressed as verbal or physical aggression, the fact remains that the evidence does not establish occupational and social functioning with deficiencies in most areas or resulting in total occupational and social impairment. There is also no indication that he had any of the other symptoms of the 70 or 100 percent criteria, such as obsessional rituals; illogical, obscure, or irrelevant speech; neglect of his personal appearance and hygiene; or disorientation to time or place. 

Overall, the Veteran has not demonstrated a level of impairment consistent with the 70 percent criteria, nor have the Veteran’s symptoms caused occupational and social functioning in most of the areas or total occupational and social functioning referenced by the 70 and 100 percent evaluation criteria. Mauerhan, supra, Vazquez-Claudio, supra. The criteria for the next higher rating of 70 percent have not been met or approximated for the period since April 24, 2019. See 38 C.F.R. § 4.130, Diagnostic Code 9411. Therefore, the Board finds that a 50 percent evaluation, but no higher, is warranted for PTSD since April 24, 2019, and the claim is granted to this extent.

Conclusion

In reaching this determination, the Board has considered the contention by the Veteran’s representative that the Veteran’s PTSD aggravates his sleep issue, which then aggravates his PTSD. See June 2020 informal hearing presentation. However, the Veteran has been separately denied service connection for sleep apnea, and the rating criteria specifically contemplate sleep impairment. See 38 C.F.R. § 4.130, Diagnostic Code 9411.

The Veteran and his representative have not raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 368 (2017) (the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

 

J.W. ZISSIMOS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. J. Williams, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.