﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 190919-31278
DATE: December 31, 2020

ORDER

Entitlement to a 70 percent disability rating for service-connected post-traumatic stress disorder (PTSD) for the period prior to October 21, 2019, and entitlement to a 100 percent disability rating thereafter is granted.

FINDING OF FACT

For the period prior to October 21, 2019, the severity, frequency, and duration of the Veteran’s psychiatric symptoms more closely approximated occupational and social impairment with deficiencies in most areas; thereafter the severity, frequency, and duration of the Veteran’s psychiatric symptoms more closely approximate total occupational and social impairment.

CONCLUSION OF LAW

The criteria for establishing entitlement to a 70 percent disability rating for the Veteran’s PTSD for the period prior to October 21, 2019, and entitlement to a 100 percent disability rating thereafter have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from November 1990 to December 1998. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2017 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). 

The denial contained in the above-noted rating decision was continued in a July 2019 statement of the case (SOC). In September 2019, the Veteran disagreed with the abovementioned SOC and filed a VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) opting-in to the AMA. The Veteran selected the Evidence Review lane by submitting notice of disagreement under the appeals Modernization Act (AMA). 38 C.F.R. § 19.2(d). Accordingly, the Board is limited to review of the evidence in the record at the time of the rating on appeal and the evidence submitted up to 90 days after the Veteran’s VA Form 10182. 38 C.F.R. § 20.303.

Increased Rating—Legal Criteria

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of the two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise the lower rating will be assigned. See 38 C.F.R. § 4.7. 

In both initial rating claims and normal increased rating claims, the Board must discuss whether “staged ratings” are warranted, and if not, why not. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007). The analysis in the following decision is therefore undertaken with consideration of the possibility that different ratings may be warranted for different time periods.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must weigh against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. At 54).

PTSD

The Veteran’s PTSD is rated under the General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130, Diagnostic Code 9411. In pertinent part, a 70 percent disability rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); and inability to establish and maintain effective relationships. 

Finally, a 100 percent disability rating is warranted for total occupational and social impairment due to such symptoms as: gross impairment in thought process or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name.

The symptoms listed in the General Rating Formula for Mental Disorders are not intended to constitute an exhaustive list. Rather, the symptoms serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. See Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

Prior to October 21, 2019.

Critically, the Board observes that the rating criteria for a 70 percent rating for PTSD indicates an array of symptoms, which are likely sufficient to cause impairment and deficiencies in most areas of life functioning, to include work, school, family relations, judgment, thinking, or mood. Such symptoms need not rise to the level of activity preclusion, but rather negatively influence or impact upon most areas of life functioning. A higher 100 percent rating is warranted when the evidence indicates total impairment. 38 C.F.R. § 4.103, Diagnostic Code 9411.

The symptoms considered in determining the level of impairment under the Rating Schedule for psychiatric disabilities are not restricted to the symptoms provided in the diagnostic code. Instead, VA must consider all symptoms of a claimant’s condition that affect the level of occupational and social impairment, including, if applicable, those identified in the American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-V). Mauerhan 16 Vet. App. 436. 

The Board has thoroughly reviewed the Veteran’s claims file, including the medical evidence and the lay statements submitted by the Veteran and his wife. The Veteran’s relevant medical evidence, including; June 2016 and February 2017 VA PTSD examinations; a November 2018 private psychiatric examination; and VA treatment records noted multiple psychiatric symptoms. These include: depressed mood; anxiety; suspiciousness; panic attacks more than once a week; near continuous panic or depression affecting the ability to function; chronic sleep impairment; mild memory loss; flattened affect; speech intermittently illogical, obscure, or irrelevant; impaired judgment; disturbance of motivation and mood; difficulty establishing and maintaining effective work and social relationships; suicidal ideation; obsessional rituals which interfere with activities; impaired impulse control; paranoia; and poor self-esteem.

The Board acknowledges that the Veteran had suicidal thoughts. As the United States Court of Appeals for Veterans Claims (CAVC) has affirmed, suicidal ideation does not require suicidal intent, a plan, or prepatory behavior. Bankhead, v. Shulkin, 29 Vet. App. 10, 19 (2017). The Board notes, suicidal ideation is a serious symptom. In Bankhead, the Court indicated that the Board must consider the severity, frequency, and duration of the signs and symptoms of a mental disorder when determining the appropriate rating. Further, the Court held that the presence of suicidal ideation alone might cause occupational and social impairment with deficiencies in most areas. Id. 

Given the Veteran’s suicidal ideation that has persisted throughout the period of the claim, the Board finds that an initial 70 percent rating is warranted. In light of the Court’s decision in Bankhead, and after having resolved all reasonable doubt in favor of the Veteran, the Board has determined that a 70 percent rating is warranted for the entire period prior to October 21, 2019, on appeal. In this regard, the Board finds that due to the symptoms summarized above, including the Veteran’s reported suicidal thoughts, his service-connected PTSD has most nearly approximated occupational and social impairment with deficiencies in most areas, such as work, family relations, judgment, thinking, or mood during this period. 

In sum, the records show the Veteran received consistent mental health care throughout the period on appeal. Additionally, the evidence shows the Veteran has experienced several significant symptoms and impairments, which include: diminished memory, impaired impulse control, anxiety, significant relationship problems, chronic dysfunctional sleep, disturbances of mood and motivation, difficulty in establishing and maintaining effective work and social relationships, chronic mood impairments, and suicidal ideation. 

Throughout this period, the weight of the evidence supports a finding that the Veteran’s PTSD manifested as occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. 

However, the Board finds that the signs and symptoms associated with his psychiatric disabilities do not more nearly approximate total social and occupational impairment during this period. In this regard, for example, there is no evidence of delusions, hallucinations, homicidal ideations, or grossly inappropriate behavior. He has been able to perform activities of daily living and was competent to handle his own finances. Additionally, the evidence does not show the Veteran experienced memory impairments of such severity that he forgot names of close relatives, his own occupation, or his own name. In short, despite the Veteran’s symptoms, he had not exhibited the type of emotional and cognitive impairment reserved for a total rating. 38 C.F.R. § 4.130, DC 9411.

Based on the foregoing, the totality of the evidence shows that the disability picture for the Veteran’s PTSD warranted a 70 percent rating for this period on appeal. However, the preponderance of the evidence is against the assignment of a higher, 100 percent, rating. 38 C.F.R. § 3.102. The Board has applied the benefit of the doubt where appropriate. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 4.3, 4.7. 

October 21, 2019, to Present

The Board has carefully reviewed the Veteran’s VA Medical Center treatment notes. The Board has also thoroughly reviewed the Veteran’s private psychiatric treatment records, as well as the Veteran’s October 2019 private examination by a Dr. J.S. Further, the Board has also prudently considered the Veteran’s own statements.

In sum, those records show the Veteran received consistent mental health care throughout the period on appeal. The above-noted evidence shows the Veteran has experienced several significant symptoms and impairments, which include: nightmares; depression; suspiciousness; panic attacks more than once a week; near continuous panic or depression affecting the ability to function; flattened affect; circumstantial, circumlocutory, or stereotyped speech; intrusive thoughts; agitation; diminished concentration; diminished memory; suicidal ideation; disturbances of motivation/mood; chronic sleep impairment; hypervigilance; anxiety; difficulty adapting to work and stressful circumstances; difficulty in establishing and maintaining effective work and social relationships; significant relationship problems; irritability; paranoia; impaired judgment; obsessional rituals; intermittent inability to preform activities of daily living; and occupational and social impairment. 

In this case, the copious evidence plainly establishes the Veteran’s psychiatric manifestations have resulted in deficiencies in all areas of life functioning. Specifically, his symptoms have significantly impaired his ability to work, caused him marked social impairments, considerably impacted his family role functioning, caused marked deficiencies in judgment, and resulted in severe mood impairments. In his treatment notes the Veteran has reported having thoughts of death and/or suicide. Additionally, the Board notes that the Veteran has been unable to perform his activities of daily living. Further, the Board notes that the Dr. J.S. has indicated that the Veteran’s PTSD now causes total occupational and social impairment.

As noted above, the criteria for a 100 percent evaluation does not indicate total occupational and social preclusion; rather, it merely states a veteran must have total impairment.

The Board again notes a 70 percent rating is warranted when psychiatric manifestations cause impairment in most areas of life functioning; however, this Veteran’s psychiatric manifestations have resulted in impairments in all areas of life. As such, the Board has afforded the Veteran the benefit of reasonable doubt and finds his disability picture more nearly approximates the criteria necessary for a 100 percent disability rating beginning October 21, 2019, the date of the Veteran’s private examination where the severity of his symptoms were first noted to interfere with his activities of daily living and cause total occupational and social impairment.

 

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Gresham

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.