Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200128-64431
DATE: October 29, 2021

ORDER

Entitlement to a rating in excess of 30 percent for pain disorder with insomnia associated with both psychological factors and general medical condition ("psychiatric disability") is denied.

Entitlement to special monthly compensation (SMC) based on a need for regular aid and attendance is granted.

REMANDED

Entitlement to service connection for gastroesophageal reflux disease (GERD), to include as secondary to service-connected obstructive sleep apnea (OSA), is remanded.

Entitlement to service connection for helicobacter pylori, to include as secondary to service-connected OSA, is remanded.

Entitlement to service connection for hiatal hernia, to include as secondary to service-connected OSA, is remanded.

Entitlement to service connection for irritable bowel syndrome (IBS), to include as secondary to service-connected OSA, is remanded.

FINDINGS OF FACT

1. For the entire appeal period, the Veteran's psychiatric disability more nearly approximated occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. 

2. The Veteran's service-connected disabilities render him so helpless as to require regular aid and attendance.

CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 30 percent for a psychiatric disability have not been met. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.7, 4.130, Diagnostic Code 9422.

2. The criteria for SMC based on a need for regular aid and attendance have been met. 38 U.S.C. § 1114(l); 38 C.F.R. §§ 3.350, 3.352.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from June 1986 to June 1990. These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2019 rating decision issued by the VA Regional Office (RO) under the Appeals Modernization Act (AMA). The Veteran requested evidence submission review by the Board. Under the AMA, the Board may only consider the evidence of record at the time of the December 2019 rating decision, as well as any evidence submitted by the Veteran or his representative with his notice of disagreement (NOD) or within 90 days of receipt of the NOD.

1. Increased Rating Psychiatric Disability

The Veteran has contended that his psychiatric disability is worse than the currently assigned 30 percent rating. Following review of the record, the Board finds that a rating in excess of 30 percent is not warranted.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a "holistic analysis" that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name.

In November 2019, the Veteran was afforded a VA psychiatric examination. The Veteran reported that he had been married for 28 years. He described a good relationship with his family and peers. He last worked in 2009. He endorsed depressed mood and chronic sleep impairment. He denied any suicidal or homicidal ideations. The examiner diagnosed the Veteran with insomnia disorder and somatic symptom disorder. The examiner opined that the Veteran's claimed insomnia/psychophysiologic insomnia was at least as likely as not proximately due to or the result of his service-connected psychiatric disability. The examiner noted that the Veteran reported worrying about pain, and pain at night caused him difficulty with sleep. Further, the examiner found evidence that the Veteran had been treated for insomnia during service. The examiner determined that the Veteran had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, selfcare and conversation.

The Veteran presented for a pain consultation at a VA medical center (VAMC) in November 2019. A VAMC physician suspected that part of the Veteran's insomnia was due to inadequately treated OSA. However, the VAMC physician determined that the Veteran's insomnia was, in part, a psychophysiologic insomnia. 

Upon review of the record, the Board finds that the Veteran is not entitled to a higher rating at any point during the period on appeal. In this regard, the Veteran is considered to have occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. The evidence reflects that the Veteran's psychiatric disability has been manifested by depressed mood, worry, and chronic sleep impairment. Therefore, the Board finds that when the Veteran's disability picture is considered as a whole, it is apparent that his symptoms more closely approximate those contemplated by the currently assigned 30 percent rating. As such, a higher rating for the Veteran's psychiatric disability is not warranted. 38 C.F.R. § 4.130, Diagnostic Code 9422. 

The Board acknowledges the Veteran's lay assertion that his insomnia should be separately service-connected as a distinct disability. However, the Board finds that the Veteran's insomnia is not productive of a functional impairment of earning capacity separate and distinct from that contemplated by the rating criteria for his service-connected psychiatric disability. Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). 

Furthermore, the Board has considered the Veteran's lay report regarding the severity of his symptoms, including his statement that he experienced an acute onset of pain beginning in September 2019. Certainly, laypersons are competent to attest to physical symptoms that are experienced or observed. Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). While it is clear from the record that the Veteran has been diagnosed with a pain disorder, the Board finds that the lay evidence does not establish a greater degree of functional impairment than that contemplated by the rating assigned. 

There is no indication from the record that the Veteran has had occupational and social impairment with reduced reliability and productivity. In this regard, there is no evidence that the Veteran had flattened affect or disturbances of motivation and mood, panic attacks, or near-continuous depression. He did not have any impairment of speech, memory, thought, understanding, or judgment. There was no evidence that he had difficulty in establishing and maintaining effective work and social relationships. Furthermore, the Veteran denied any suicidal or homicidal thoughts. Although the Veteran was unemployed, there is no indication that it was due to his mental health symptoms described above. Moreover, the November 2019 VA examination report did not reflect an assessment of occupational and social impairment with reduced reliability and productivity. Therefore, the Board finds that a rating in excess of 30 percent for a psychiatric disability is not warranted. 38 C.F.R. §4.130, Diagnostic Code 9422.

Consideration has been given to assigning staged ratings. However, at no time during the period in question has the disability warranted a higher schedular rating than that assigned. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Accordingly, the Board finds that the preponderance of the evidence is against the claim for a rating in excess of 30 percent for a psychiatric disability, and it is denied. 38 U.S.C. § 5107(b) (2018); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. SMC

The Veteran has contended that he is entitled to SMC based on the need for regular aid and attendance of another person. 

SMC is payable to a veteran who, because of service-connected disabilities, is so helpless as to need or require the regular aid and attendance of another person. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b)(3). A veteran will be considered in need of regular aid and attendance if he or she is: (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to five degrees or less; (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). 38 C.F.R. § 3.351(c).

Factual need for aid and attendance is based on the following criteria: the inability of the veteran to dress or undress himself or herself, or to keep himself or herself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which, by reason of the particular disability, cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); the inability of a veteran to feed himself or herself through the loss of coordination of upper extremities or through extreme weakness; the inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect a veteran from the hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352(a). It is not required that all the disabling conditions enumerated in this paragraph be found to exist before a favorable rating may be made. The particular personal functions which the Veteran is unable to perform should be considered in connection with his condition as a whole. It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there be a constant need. Id.

In November 2019, the Veteran was afforded a VA Aid and Attendance examination. The Veteran's VA physician attributed the Veteran's inability to prepare his own meals to his inability to stand for prolonged periods. Additionally, the Veteran required assistance in bathing and tending to other hygiene needs. He was dependent on a wheelchair because of his back pain and weakness in his legs and was limited in mobility. He required a brace for his back, knees, and ankles.

Based on the foregoing the Board finds that the Veteran requires the regular aid and attendance of another person as a result of his service-connected disabilities. In this regard, the evidence of record demonstrates that the Veteran has required personal assistance due to his back disability and radiculopathy, to specifically include meal preparation, bathing, and locomotion. 

Accordingly, resolving reasonable doubt in favor of the Veteran, the Board finds that entitlement to SMC based on the need for the regular aid and attendance of another person is warranted, and the claim is granted. 38 U.S.C. § 5107(b); Gilbert, 1 Vet. App. 49.

REASONS FOR REMAND

The Board finds that additional development is required to correct a duty to assist error that occurred prior to the December 2019 rating decision on appeal. 

The Veteran has contended that his GERD, helicobacter pylori (H. pylori), hiatal hernia, and IBS ("claimed disabilities") are related to his active service or secondary to service-connected OSA. He asserted that exposure to jet fuel during active service caused his claimed disabilities. Additionally, he submitted medical literature in August 2019 discussing an association between his claimed disabilities and his service-connected OSA. 

Service treatment records show that the Veteran received treatment for abdominal/epigastric pain in December 1998.

In October 2019, a VA examiner opined that the Veteran's claimed disabilities were less likely than not proximately due to or the result of his service-connected OSA. However, the RO did not obtain a VA medical opinion addressing direct causation, and the examiner did not address whether the Veteran's conditions may have been aggravated by OSA. As the opinion is inadequate for those reasons, a remand is warranted for additional VA examinations.

The matters are REMANDED for the following action:

Schedule the Veteran for VA examination(s) to determine the nature and etiology of his GERD, H. pylori, hiatal hernia, and IBS. The claims file must be made available to and be reviewed by the examiner. Any indicated studies should be performed. Based on the examination results and review of the record, the examiner should provide opinions on the following:

(1) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's GERD, H. pylori, hiatal hernia, and/or IBS had onset during his active service or are otherwise etiologically related to such service. In doing so, the examiner is asked to consider and discuss the Veteran's assertion that his conditions are related to in-service exposure to jet fuel.

(2) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran's GERD, H. pylori, hiatal hernia, and IBS were (1) caused by, or (2) or aggravated by service-connected OSA. In doing so, the examiner is asked to consider and discuss the articles the Veteran submitted in August 2019, which discuss associations among gastrointestinal problems, GERD, and OSA. 

The rationale for all opinions expressed must be provided.

 

 

L. STEPANICK

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Ware, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.